# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| BINASTO EDMUND and<br>SINIA Y. EDMUND,<br><br>Plaintiffs,<br><br>vs.<br><br>GUAM & GUAM, INC. f.k.a.<br>INTERPACIFIC RESORTS CORPORATION<br>d.b.a. PACIFIC ISLANDS CLUB,<br><br>Defendant. | CIVIL CASE NO. 15-00029<br><br>**DECISION AND ORDER RE DEFENDANT GUAM & GUAM, INC. d.b.a. PACIFIC ISLANDS CLUB'S PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

Before the court is Defendant Guam & Guam, Inc. d.b.a. Pacific Islands Club ("PIC")'s Partial Motion to Dismiss Plaintiffs' Amended Complaint. *See* ECF No. 9. After reviewing the parties' submissions, and relevant caselaw and authority, the court hereby **GRANTS** PIC's Partial Motion to Dismiss for the reasons stated herein.

## I. PROCEDURAL OVERVIEW

On September 1, 2015, Plaintiffs Binasto Edmund and Sinia Y. Edmund (collectively, "the Edmunds") filed the Amended Complaint in this action. *See* Amend. Compl., ECF No. 4.

1

Plaintiff Binasto Edmund ("Mr. Edmund") was employed by PIC from 2005 until 2013.[1] *Id.* ¶ 12. The Edmunds are husband and wife. *Id.* ¶ 5. In 2007, Mr. Edmund began to experience back problems. *Id.* ¶ 16. The Edmunds' Amended Complaint alleges that PIC violated the Americans with Disabilities Act ("ADA") by failing to make reasonable accommodation to Mr. Edmund's physical disability. *Id.* ¶ 61. The Edmunds further allege that Plaintiff Sinia Y. Edmund ("Mrs. Edmund") will be "denied and deprived of her husband's consortium until such time as he is restored to his employment with PIC or until such time as the Plaintiffs are adequately compensated for PIC's wrongful acts and omissions." *Id.* ¶ 52.

On October 2, 2015, PIC filed the instant Partial Motion to Dismiss Plaintiffs' Amended Complaint. *See* Mot., ECF No. 9. In the Motion, PIC moves the court to dismiss Mrs. Edmund's claim for loss of consortium. On October 29, 2015, the Edmunds filed a statement of non-opposition to PIC's Motion. *See* ECF No. 14.

## II. DISCUSSION

PIC asserts that "it is well settled that federal courts will not recognize derivative claims based on violations of federal civil rights, including alleged violations of the ADA." Memorandum in Support, ECF No. 10 at 2. Accordingly, PIC contends that Mrs. Edmund cannot assert a claim for loss of consortium as a matter of law and requests that the court dismiss the claim with prejudice. *Id.*

In response to PIC's Motion, the Edmunds filed a statement of non-opposition to the dismissal of the claim for loss of consortium. *See* ECF No. 14.

A district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of

---

[1] For purposes of this order, the facts as stated in the Edmunds' Amended Complaint will be taken as true.

2

an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). The Ninth Circuit has further held that a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53.

Civil Local Rule 7 expressly provides that "an opposition must be served and filed within twenty-one (21) days of the filing of the motion[.]" CVLR 7(f).

Before granting an unopposed motion to dismiss, the court must weigh the following factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

After reviewing the record, the court finds that the second and third factors weigh in favor of dismissal. The Edmunds did not file an opposition in response to PIC's Partial Motion to Dismiss, and instead filed a statement of non-opposition, clarifying to the court that they do not oppose the dismissal of Mrs. Edmund's claim for loss of consortium. *See* ECF No. 14. PIC served the Partial Motion to Dismiss on the Edmunds on October 2, 2015. *See* ECF No. 12. Civil Local Rule 7(f) required the Edmunds to file an opposition no later than October 23, 2015. *See* CVLR 7. In granting this unopposed motion, the court may manage its docket and eliminate the risk of prejudice to PIC from being forced to continue litigating against the Edmunds on a claim

3

that the Edmunds do not oppose dismissing from the action. *See* ECF No. 14.

The final consideration of this court is whether less drastic measures have been considered. PIC requests that this court dismiss Mrs. Edmund's claim for loss of consortium and any corresponding request for relief with prejudice. *See* Memorandum in Support, ECF No. 10 at 7. To dismiss her claim with prejudice is a harsh measure—but here, the Edmunds filed a statement of non-opposition to the dismissal of the claim, and therefore less harsh measures need not be considered.

Thus, the court finds that four of the factors weigh in favor of granting PIC's motion to dismiss, and that granting dismissal of the claim is proper.

### III. CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Defendant PIC's Partial Motion to Dismiss Plaintiffs' Amended Complaint. Plaintiff Sinia Y. Edmund's claim for loss of consortium is hereby dismissed with prejudice.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Apr 19, 2016**